Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2001 C 4183 | DATE | JUL 20 2001 |
| CASE TITLE | United States ex rel. Paul Modrowski (B-65896) v. Kenneth R. Briley, Warden | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. As petitioner has paid the filing fee, the clerk is directed to file both the original petition filed June 1, 2001, and the amended petition filed July 5, 2001 and transmit copies of both to William L. Browers, Chief, Criminal Appeals Division, Office of the Attorney General of Illinois. For the reasons stated in the memorandum opinion and order, the court summarily dismisses the petition as untimely under 28 U.S.C. § 2244(d), terminating case. The clerk is directed to send a copy of this order to petitioner, Paul Modrowski, (IDOC #B-65896), incarcerated at Stateville Correctional Center, and to add his name and address to the court's docket so that he, as well as his counsel, will receive notices and orders in this case.

(11) ■ For further detail see order attached to the original minute order.

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUL 2 4 2001 date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

01 JUL 23 AM 9:27

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED JUL 24 2001

United States ex rel. )
)
PAUL MODROWSKI (B-65896), )
)
    Petitioner, ) No. 01 C 4183
)
v. )
) Judge Blanche M. Manning
KENNETH R. BRILEY, Warden, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Paul Modrowski, represented by counsel, filed this petition for habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder entered April 27, 1995 in the Circuit Court of Cook County, Illinois. Modrowski's conviction was affirmed by the Illinois Appellate Court on May 19, 1998, and the Illinois Supreme Court denied leave to appeal on October 6, 1998. Modrowski filed a post-conviction petition on May 29, 1998, which was dismissed on August 26, 1998, and the dismissal was affirmed by the Illinois Appellate Court on September 7, 1999. The Illinois Supreme Court denied leave to appeal on May 31, 2000. This petition for habeas corpus was filed June 1, 2001.

The Antiterrorism and Effective Death Penalty Act of 1996 enacted a one-year limitation period for filing a petition for habeas corpus. With certain exceptions not applicable here, the period begins to run when judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, but the time in which a properly filed application for state post-conviction review is pending is excluded from the computation. 28 U.S.C. § 2244(d). As Modrowski filed his petition for post-conviction relief before the conclusion of direct review, preventing the clock from starting, the limitations period began at the time his

post-conviction petition was no longer "pending," when the Illinois Supreme Court denied leave to appeal on May 31, 2000. Although one year from that date would have elapsed on May 30, 2001, the cutoff is the anniversary date, May 31, 2001. *See United States v. Marcello*, 212 F.3d 1005, 1009-10 (7th Cir. 2000), *cert. denied*, 121 S.Ct. 188, 148 L.Ed.2d 130 (Oct. 2, 2000). This petition missed the deadline by a day.

A timely filing date was not the only thing missing from the petition. The petition was unsigned, and was not accompanied by payment of the filing fee or an application to proceed without prepayment of the fee. The petition referred to non-existent exhibits. Indeed, it hardly qualified as a petition at all; after recounting the history of the case and the claims raised in state court, the actual claims to be presented to this court had been left blank. Pet. at 29-30.

By order dated June 5, 2001, the court directed petitioner's counsel to submit (a) payment of the $5.00 filing fee; (b) a complete amended petition and two copies containing the omitted habeas claims, together with all exhibits; and (c) a statement explaining why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d). Modrowski's counsel complied and filed a "Statement Why Petition For Writ Of Habeas Corpus Should Not Be Dismissed."

Modrowski's habeas corpus petition was mailed to the court, and the envelope bears a postmark date of May 31, 2001. Modrowski's counsel states that on that day, May 31, 2001, he contacted the "clerk of the court" and was told that the filing date would be the postmark date, and he relied on that statement. Modrowski's counsel does not identify the person who gave him this assurance; members of the clerk's staff are strictly instructed not to offer legal advice.

If counsel was given this advice, it was wrong. The "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), which the Seventh Circuit held applicable to habeas corpus petitions in *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999), deems certain materials submitted by incarcerated persons filed on the date they were given to prison authorities for mailing. This rule

2

applies only to unrepresented incarcerated petitioners. The rationale of both *Houston* and *Jones* was that "prisoners filing pro se have a unique disadvantage compared to other litigants because they are not able, either personally or through their attorney, to go directly to the courthouse to file their documents or to pick up the telephone to ascertain whether the papers have been officially filed." *Jones*, 171 F.3d at 500-01. Modrowski was represented by counsel, and was not dependent on prison authorities to transmit his petition to the court.

The AEDPA's one-year limitations period is not jurisdictional and is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597-98 (7th Cir. 1999). Nevertheless, equitable tolling is granted sparingly. *Marcello*, 212 F.3d at 1010. "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Id.* Attorneys' errors or negligence do not meet that standard. *See Marcello*, 212 F.3d at 1010; *Taliani*, 189 F.3d at 598. An attorney is the client's agent, and his actions -- and inactions -- are his client's. If it was within the attorney's power to file on time, it is considered within the client's power to have done so.

This is true even where the client's liberty, or even life, may be at stake. In *Coleman v. Thompson*, 501 U.S. 722 (1991), a capital case, the Supreme Court held that an attorney's failure to file a timely appeal in his client's state post-conviction proceeding barred federal review of the petitioner's claims. In the case of a direct appeal, where the defendant has a constitutional right to effective assistance of counsel, the defendant would not be held responsible for his attorney's dereliction, since the state had the responsibility to ensure that he had competent counsel. But in post-conviction proceedings there is no constitutional right to counsel, so the petitioner, like other litigants, bears the risk that his counsel will bungle. *Id.* at 753-54.

The rule of *Coleman v. Thompson*, that a post-conviction petitioner is strictly responsible for his attorney's mistakes, need not be applied to attorney errors occurring within the course of federal habeas proceedings, since *Coleman* rested, at least in part, on comity concerns --

3

appropriate federal deference for state procedural rules. *See id.* at 731-32. Excusing the failure to comply with a purely federal limitations period would not implicate the state-federal balance of power and authority. Nevertheless, the Court in *Coleman* stated that its ruling "eliminate[s] inconsistency between the respect federal courts show for state procedural rules and the respect they show for their own. This Court has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims." *Id.* at 751.

As stated above, the Seventh Circuit has taken the position that an attorney's blunder does not excuse a late habeas petition, and other circuits agree. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), pet. for cert. filed June 11, 2001 (counsel's confusion over applicability of AEDPA expedited death-penalty habeas procedures no excuse); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (lawyer's innocent misinterpretation of AEDPA does not justify equitable tolling); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999)(attorney mailed petition by ordinary mail and it arrived late). At least in non-capital cases, courts have had no inclination to relax the rule of agency law holding habeas petitioners strictly responsible for their attorneys' mistakes. *See Fahy v. Horn*, 240 F.3d 239, 244-45 (3rd Cir. 2001)(making exception for attorney's "reasonable misjudgment" in capital case).

Is this case different because Modrowski's attorney allegedly relied on mistaken advice from a member of the court's staff? The court believes not. It is clear that only a judge, not a court employee, has the power to extend or waive filing deadlines, and some deadlines even the judge cannot waive. *See, e.g., Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 152 (2d Cir. 1999), *cert. denied*, 528 U.S. 1189 (2000); *United States v. Heller*, 957 F.2d 26, 29 (1st Cir. 1992); *Sonicraft, Inc. v. NLRB*, 814 F.2d 385 (7th Cir. 1987). But granted that the alleged representation of the clerk's office employee had no legal effect in itself, is a petitioner's

4

untimeliness excused by his counsel's mistakenly relying on it? Unfortunately for Modrowski, such reliance was clearly negligent, returning us to the rule stated above: attorney negligence does not justify equitable tolling.

In *Gabriel v. United States*, 30 F.3d 75 (7th Cir. 1994), a suit under the Federal Tort Claims Act, plaintiff's counsel called the office of the Clerk of the United States District Court for the Central District of Illinois to ask what was necessary to serve the United States. He was allegedly told by an employee that "delivery" of the summons and complaint could be accomplished by using certified mail, which at that time was not a proper means of "delivering" the complaint to the United States Attorney. When the United States answered the complaint, it raised improper service as an affirmative defense, and eventually its motion to dismiss on that ground was granted.

The Court of Appeals held that counsel's reliance on a statement by a court employee was not "good cause" justifying an extension of time to perfect service on the United States. "[H]ad plaintiff's counsel read Rule 4 carefully or read the relevant case law, he would have quickly realized that he could not serve the United States Attorney by mail. And reliance on the advice of a Clerk's office employee cannot excuse plaintiff's counsel's failure to do basic research." *Id.* at 77.

The closest parallel to this case the court has found is *Kapral v. United States*, 166 F.3d 565 (3rd Cir. 1999), which involved a motion under 28 U.S.C. § 2255, the equivalent of habeas corpus for prisoners serving federal sentences. The Third Circuit had previously held that § 2255 motions filed after April 23, 1997 were subject to AEDPA's one-year limitations period, but applied the *Houston* "mailbox rule" to § 2255 motions. Counsel for the incarcerated defendant mailed the motion on April 22, 1997, but it was not received until April 29. The court held the "mailbox rule" did not apply to filings made by counsel, and, citing *Gabriel*, rejected

defendant's argument that his counsel had relied on a statement by an employee of the district court clerk's office that the filing date would be the date of mailing:

> Kapral argues that counsel "reasonably relied" on that information and that, under principles of equity, his motion should be deemed filed on the date it was mailed. The record reflects that Kapral's counsel is an experienced practitioner who should have known or verified the elementary rules that govern the filing of a § 2255 motion. We reject, therefore, the suggestion that counsel's alleged reliance on misinformation from the clerk's office was reasonable.

*Id.*, 166 F.3d at 568 n.1.

Perhaps if counsel had relied on a mistaken statement of fact, particularly one that was difficult to verify, it would justify equitable tolling. In *Hollins v. Department of Corrections*, 191 F.3d 1324 (11th Cir. 1999), an attorney representing a habeas petitioner missed the deadline for filing a notice of appeal because he relied on the district court's electronic records system which failed to show that a final judgment had been entered. The court found that because the court had officially invited attorneys to rely on the electronic docket, the delay would be excused, as the official establishment of the system amounted to a representation by a judicial officer, not merely a clerical employee. *Id.* at 1327-28.

Here, however, Modrowski's counsel claims to have relied, not on a statement of fact, but a statement of law upon which no judge invited him to rely, and which an hour's research would have told him was wrong. Particularly in a matter of such importance, counsel's reliance on a last-minute telephone consultation with someone in the clerk's office cannot be called reasonable. If Modrowski's counsel was unsure whether he would have the benefit of the "mailbox rule," he should have filed the petition on May 31. "[P]etitioners' argument that the deadline was unclear also makes no sense, because if it was unclear, they should have filed by the earliest possible deadline, not the latest." *Marcello*, 212 F.3d at 1010.

The court regrets that his counsel's inexcusable conduct has caused Modrowski to forfeit whatever habeas claims he may have had. (The court expresses no opinion as to the merits of these claims as it lacks jurisdiction over his petition). Even taking Modrowski's counsel's statements as true, the court believes it has no discretion to find that the limitations period has been equitably tolled, even for one day. The petition is untimely and must be dismissed. Nevertheless, because the precise question here has not been addressed by the Court of Appeals, and because a life sentence is at stake, the court will grant a certificate of appealability permitting Modrowski to appeal the question of whether the circumstances here can justify equitable tolling.

If Modrwoski wishes to appeal this order, he or his counsel must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty days of the entry of judgment in this case.

IT IS SO ORDERED.

Blanche M. Manning, Judge
United States District Court

DATED: JUL 20 2001